Johnson, C. J. The plaintiffs in error insist that the circuit court erred in overruling their demurrer to the defendant’s declaration. They have set down numerous causes of demurrer, many of which we consider so clearly bad as to require neither argument or authority. The record, in our conception,'presents but two points for the consideration and decision of this court, 1st. Does the instrument sued upon and the one given on oyer vary’ in the name oí the place where it is alleged to have been executed: and 2d» Do they vary in the name of Semon, one of the parties to the contract. “ Where a transitory matter has accrued abroad it may in general be stated to have taken pla.be in any English county without noticing the place where-it really happened’, but if the real place abroad be stated, (which it has been supposed--to be necessary when a deed or bill of exchange • or other instrument bears date there) it should be shown under a scilicet, that it happened in an English county; as for instance, “ in Minorca, to wit, at Westminster in the county of Middlesex.” See 1 C. P. 280, 281, and the authorities there cited. .But in the case of Houriet and another vs. Morris, 3 Campb. Lord Ellenborough held’that it was unnecessary to state the place where a foreign bill of exchange was drawn, and that if dated at Paris it might be alleged in the declaration to have been made in London, and there would, be no variance. If to lay the venue át a place different from the one specified on the face of the instrument would not occasion a .variance, for a much stronger reason would there be’none, where the instrument discloses no venue.whatever. The defendant in error did not attempt in his declaration to set out his cause of action in háic verba, but only according to its legal- effect. We do not conceive that the court bolow erred in’overruling this cause ,ol" demurrer. ’ The next question is whether the declaration correctly describes the name of Semon, one of the parties to the contract.’ It is contended by the defendant in error that the addition of the letter “s” to the word Senaon docs not occasion any material variance. In all cases where words differ in the letters,- the sound is the criterion by which to determine their identity. That the party who made the contract and the one sued are different as respects the letters composing their respective names is too clear to admit of a doubt. The question then to be” determined is whether they are the same in sound. If the final s in our language were wholly silent as is the'case in many others, there would be much force in the argument, but such is not the fact, but on the contrary its sound is as full and as distinct as that of any other letter preceding it. If instead of the final “ s ” alone the pleader had added “ ds,” the sound would have been the same, and we presume it would not be urged for an instant that the addition of those two letters would not have caused a-sound totally different from the name as contained in the contract entered into by the parties. We think it clear thei'e-fore that there is a manifest variance in this particular between the instrument as described in the declaration and the one given on oyer, and for this cause the judgment of the circuit court ought to be reversed. Judgment reversed.